IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2007

Charles R. Fulbruge III
Clerk

No. 06-40638
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GREGORY DEWAYNE WORTH

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:05-CR-3-2

Before JOLLY, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Gregory Dewayne Worth appeals his conviction and sentence for possession with the intent to distribute cocaine. Worth argues that the district court erred in increasing his offense level by two points under U.S.S.G. § 3C1.1 based on a finding that he obstructed justice. He further contends that the district court abused its discretion in denying his motion to withdraw his guilty

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plea. The Government responds by seeking to enforce Worth's appeal waiver and contends that his arguments are barred from review.

Worth bore the burden of establishing a fair and just reason for withdrawing his guilty plea. See United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003). Worth argues that he did not understand that he would be held responsible for 158 grams of crack cocaine. Based on a review of the totality of circumstances and an examination of the factors enumerated in United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984), we find that the district court did not abuse its discretion by denying Worth's motion to withdraw his plea. See id.

Worth pleaded guilty pursuant to a plea agreement wherein he waived his right to appeal his conviction and sentence, with the exception that he could appeal a sentence in excess of the statutory maximum. Worth's appeal waiver was knowing and voluntary, and therefore, the waiver is enforced. See United States v. Melancon, 972 F.2d 566, 567-68 (5th Cir. 1992). As such, we do not address the merits of Worth's challenge to his sentence because it does not fall within the exceptions to the appeal waiver.

Accordingly, the judgment of the district court is AFFIRMED.